UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GAO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. MARROQUIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00438-BAM (PC)<br><br>ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT, AND GRANTING PLAINTIFF LEAVE TO FILE EITHER A SECOND AMENDED COMPLAINT OR A NOTICE OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 9)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jason Gao is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 28, 2019, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint. (ECF No. 8.)

Plaintiff's first amended complaint, filed on October 7, 2019, is currently before the Court for screening. (ECF No. 9.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

///

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff has been released from prison. Plaintiff alleges that the events at issue in this action took place when he was housed at California Correctional Institution ("CCI"). Plaintiff names the following defendants: (1) CCI Correctional Case Records Manager D. Marroquin; (2) California Department of Corrections and Rehabilitation ("CDCR") Legal Processing Unit Correctional Case Manager Rosie Bernal; and (3) CDCR Legal Processing Unit Correctional Case Records Analyst Cathy Heifner. Plaintiff asserts that he is suing all three Defendants in both their personal and official capacities.

Plaintiff alleges as follows: Approximately two weeks prior to December 17, 2017, Plaintiff filed an administrative appeal, Log Number CCI-0-17-02715, against Defendant Marroquin. Defendant Marroquin knew about Plaintiff's administrative appeal against her because Defendant

1  Marroquin interviewed Plaintiff in order to resolve the appeal. During the interview, Defendant
2  Marroquin urged Plaintiff to withdraw his appeal. After Plaintiff refused to withdraw his appeal,
3  Defendant Marroquin's tone of voice changed from professional to angry, she appeared agitated, and
4  she sarcastically laughed at Plaintiff as he explained his appeal issue. Prior to December 17, 2017,
5  Plaintiff's administrative appeal against Defendant Marroquin was partially granted in his favor.

On or about December 17, 2017, Defendant Marroquin contacted CDCR's Legal Processing Unit and spoke with Defendants Bernal and Heifner. Defendant Marroquin told Defendants Bernal and Heifner about the administrative appeal that Plaintiff had filed against her. Then, Defendant Marroquin reported to Defendants Bernal and Heifner that she had discovered sentencing errors in Plaintiff's case, one of which would require a 3-year, 4-month increase in Plaintiff's sentence. Pursuant to Defendant Marroquin's report, the Legal Processing Unit sent a letter, signed by Defendants Bernal and Heifner, to Plaintiff's sentencing court for it to determine whether Plaintiff's sentence should be increased. If Defendants Bernal and Heifner had not approved of the letter regarding Plaintiff's sentence, the letter would not have been sent to Plaintiff's sentencing court.

Defendant Marroquin's report to the Legal Processing Unit regarding Plaintiff's sentence caused Plaintiff to become apprehensive about what further action Defendant Marroquin would take against him for pursuing the portion of his administrative appeal that had not been granted. "In fact, to avoid any further immediate adverse action by Marroquin against [Plaintiff], he purposely protracted the submission of his administrative appeal to the final level of review by failing to include all supporting documents to that the final level of review would reject the appeal and, thus, give [Plaintiff] more time to submit the supporting papers; however, [Plaintiff] eventually exhausted administrative remedies on that matter." (ECF No. 9, at 5.)

Plaintiff asserts that Defendant Marroquin had no legitimate reason to contact the Legal Processing Unit because Defendant Marroquin was aware from Plaintiff's sentencing documents that Plaintiff's sentence was imposed pursuant to a negotiated plea agreement that included the allegedly problematic sentence and that, thus, any letter to the sentencing court would be frivolous. Plaintiff also alleges that Defendants Bernal and Heifner were aware that Defendant Marroquin had no legitimate basis for her report about Plaintiff's sentence because both Defendants Bernal and Heifner

3

were aware from Plaintiff's sentencing documents that Plaintiff's sentence was imposed pursuant to a negotiated plea agreement that included the allegedly problematic sentence and that, thus, any letter to the sentencing court would be frivolous.

Plaintiff seeks compensatory and punitive damages. (Id. at 8.)

**III.     Discussion**

A.     Official Capacity

Plaintiff asserts that he is suing each of the named Defendants in both their individual and official capacities. Plaintiff seeks monetary damages against each of the named Defendants.

"Suits against state officials in their official capacity … should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against each of the named Defendants in their official capacity is barred by the Eleventh Amendment. Accordingly, Plaintiff has failed to state a cognizable official capacity claim against Defendants Marroquin, Bernal, and Heifner.

B.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

4

conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Watison, 688 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Id. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Id.

Liberally construing the facts in Plaintiff's favor, which the Court must do at the pleading stage, Plaintiff has stated a cognizable claim for retaliation in violation of the First Amendment against Defendant Marroquin based on Defendant Marroquin's allegedly false report about Plaintiff's sentence to Defendants Bernal and Heifner of the Legal Processing Unit.

However, Plaintiff has failed to state a cognizable retaliation claim against Defendants Bernal and Heifner because Plaintiff has not alleged any facts establishing that Defendants Bernal's and Heifer's action in signing and sending the letter regarding Plaintiff's sentence to Plaintiff's sentencing court either chilled Plaintiff's exercise of his First Amendment rights or caused Plaintiff to suffer some other harm that is "more than minimal." Watison, 668 F.3d at 1114.

C. Conspiracy

"Conspiracy is not itself a constitutional tort under § 1983. It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Conspiracy may however, enlarge the pool of responsible defendants by demonstrating their causal

connections to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (internal citations omitted).

To establish a cognizable claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). To establish a conspiracy, Plaintiff allege specific facts showing "an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal citations and quotation marks omitted). The mere conclusory statement that defendants "conspired" together is not sufficient to state a cognizable claim. Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Plaintiff asserts that Defendants Marroquin, Bernal, and Heifner conspired to retaliate against Plaintiff by sending a letter making a frivolous claim about Plaintiff's sentence to Plaintiff's sentencing court after Plaintiff filed an administrative appeal against Defendant Marroquin. However, Plaintiff has failed to sufficiently allege that he suffered an actual deprivation of his constitutional rights resulting from any agreement among Defendants Marroquin, Bernal, and Heifner because Plaintiff's allegations regarding signing and sending the letter about Plaintiff's sentence to Plaintiff's sentencing court are insufficient to state a claim for retaliation or any other deprivation of his constitutional rights. See Cassettari v. Cnty. of Nevada, 824 F.2d 735, 739 (9th Cir. 1987) ("The insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations."); see also Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980) ("In order to state an adequate claim for [conspiracy] under section 1983, 'plaintiff must allege … both a conspiracy and an actual deprivation of rights; mere proof of a conspiracy is insufficient to establish a section 1983 [conspiracy] claim.'"). Therefore, Plaintiff has not alleged a cognizable conspiracy claim against Defendants Marroquin, Bernal, and Heifner.

///

**IV. Conclusion and Order**

Based on the foregoing, the Court finds that Plaintiff states a cognizable claim against Defendant Marroquin for retaliation in violation of the First Amendment based on Defendant Marroquin's allegedly false report about Plaintiff's sentence to Defendants Bernal and Heifner of the Legal Processing Unit. However, Plaintiff does not state any other cognizable claims against any other Defendants. Plaintiff will be granted an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file a second amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court will then recommend to a District Judge that the instant action proceed only on the claims found to be cognizable and that all other remaining claims and defendants be dismissed from this action.

If Plaintiff wishes to file a second amended complaint, any such second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

///

7

    a. File a second amended complaint curing the deficiencies identified by the Court in this order; or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and that he is willing to proceed only on the cognizable claim for retaliation in violation of the First Amendment against Defendant Marroquin, as identified by the Court in this order; and

  3. <u>If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute</u>.

IT IS SO ORDERED.

Dated:  **December 9, 2019**    /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE