# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ZHANG GAO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARROQUIN,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00438-NONE-BAM (PC)<br><br>ORDER (1) SETTING SETTLEMENT CONFERENCE, (2) REQUIRING **TELEPHONIC ATTENDANCE** BY CERTAIN INDIVIDUALS, (3) REQUIRING SETTLEMENT CONFERENCE STATEMENT, AND (4) SETTING PRE-SETTLEMENT TELEPHONE CONFERENCE<br><br>Hearing:　**Pre-Settlement Telephone Conference**<br>Date:　　**August 27, 2020**<br>Time:　　**2:00 p.m.**<br>Judge:　　**Jeremy D. Peterson**<br><br>Hearing:　**Telephonic Settlement Conference**<br>Date:　　**September 10, 2020**<br>Time:　　**10:00 a.m.**<br>Judge:　　**Jeremy D. Peterson** |

　　　　Plaintiff Jason Zhang Gao ("Plaintiff") is a former state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendant Marroquin has answered the complaint.  (ECF No. 23.)

　　　　The court has identified this case as appropriate for post-screening alternative dispute resolution ("ADR").  Accordingly, Magistrate Judge Jeremy D. Peterson will hold a telephonic settlement conference on September 10, 2020 at 10:00 a.m.  The court stays this action to allow the

1

parties to investigate plaintiff's claims, meet and confer, and then participate in the settlement conference.

The court expects that the parties will proceed with the settlement conference in good faith and will attempt to resolve some portion or all of the case.[1]  If any party believes that the settlement conference will not be productive, a written notice to opt out must be filed within **thirty (30) days** of the date of the issuance of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is STAYED to allow the parties an opportunity to settle their dispute before the discovery process begins.  Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.  The parties shall not engage in formal discovery, but may engage in informal discovery to prepare for the settlement conference.
2. This case is set for a telephonic settlement conference before Magistrate Judge Jeremy D. Peterson on **September 10, 2020, at 10:00 a.m.** (dial-in number: 1-888-204-5984; passcode: 4446176).
3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall **appear by telephone**.
4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions.
5. Defendant shall provide a confidential settlement statement to the following email address: **jdporders@caed.uscourts.gov**.  Plaintiff shall mail his confidential settlement statement to U.S. District Court, P.O. Box 575, Yosemite, CA 95389, and mark the envelope "Confidential Settlement Statement".  Settlement statements shall arrive no later than

---

[1] If the case does not settle, the Court will then lift the stay of its Discovery and Scheduling Order or issue one forthwith.

**August 20, 2020**.  Settlement statements **should neither be filed** on the docket **nor served on any other party**.  While brevity is appreciated, each statement must include:

    a. A brief recitation of the facts;

    b. A discussion of the strengths and weaknesses of the case, from your party's perspective, and a description of the major issues in dispute;

    c. An itemized estimate of your expected costs for further discovery, pretrial, and trial matters, expressed in terms of specific dollar amounts and lengths of time;

    d. Your best estimate of the probability that plaintiff will prevail should this case proceed to trial, in percentage terms;

    e. Your best estimate of recovery by plaintiff should this case proceed to trial and plaintiff prevail, in specific dollar terms;

    f. A history of settlement discussions (including a list of any current settlement offers from any party, in specific dollar terms), a candid statement of your party's current position on settlement, including the amount that you would offer/accept to settle (in specific dollar terms), and a statement of your expectations for settlement discussions;

    g. A list of the individuals who will be attending the settlement on your party's behalf, including names and, if appropriate, titles; and

    h. If the parties intend to discuss at the settlement conference the potential resolution of any actions or claims not in this suit, a description of these additional actions or claims, including any case numbers.

6. If any party wishes to opt out of this settlement for the reasons stated above, the party must do so within **thirty (30) days** of this order by filing a "Notice of Opt Out and Request to Vacate Settlement Conference."

7. Magistrate Judge Jeremy D. Peterson will hold a short, pre-settlement telephonic conference on **August 27, 2020, at 2:00 p.m.** (dial-in number: 1-888-204-5984; passcode: 4446176).  Only the *pro se* plaintiff and lead defense counsel should participate.

8. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

IT IS SO ORDERED.

Dated:     **June 30, 2020**                              /s/ *Barbara A. McAuliffe*         
                                                                    UNITED STATES MAGISTRATE JUDGE