1

2

3

4

5

6

7

8                        # UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JASON ZHANG GAO,                          Case No.  1:19-cv-00438-BAM (PC)

12                        Plaintiff,            ORDER DISMISSING ACTION, WITH
                                                PREJUDICE, FOR FAILURE TO
13         v.                                   PROSECUTE AND FAILURE TO OBEY
                                                COURT ORDER
14    MARROQUIN, *et al.*,
                                                (ECF No. 31)
15                        Defendants.

16

17

18         Plaintiff Jason Zhang Gao ("Plaintiff") is a former state prisoner proceeding *pro se* and *in*

19    *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds

20    against Defendant Marroquin ("Defendant") for retaliation in violation of the First Amendment.

21    All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 29.)  For the

22    reasons that follow, the Court orders that this action be dismissed, with prejudice.

23         I.        **Background**

24         On October 21, 2020, Defendant filed a motion for summary judgment.  Fed. R. Civ. P.

25    56.  (ECF No. 30.)  Plaintiff was provided with notice of the requirements for opposing a motion

26    for summary judgment.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154

27    F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988).

28    (ECF No. 30-1.)  Plaintiff's opposition or statement of non-opposition was therefore due on or

                                          1

1 | before November 16, 2020.

2 |       On November 30, 2020, the Court ordered Plaintiff to show cause within twenty-one (21)

3 | days why this action should not be dismissed, with prejudice, for Plaintiff's failure to prosecute.

4 | (ECF No. 31.)  Plaintiff was provided the opportunity to comply with the Court's order by filing

5 | an opposition or statement of non-opposition to the motion for summary judgment.  Plaintiff was

6 | warned that failure to comply with the Court's order would result in dismissal of this matter, with

7 | prejudice, for failure to prosecute.  (Id. at 2.)  Plaintiff has failed to submit any response to

8 | Defendant's motion for summary judgment and has not otherwise communicated with the Court.

9 |     **II.    Discussion**

10 |       Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

11 | any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

12 | within the inherent power of the Court."  District courts have the inherent power to control their

13 | dockets and "[i]n the exercise of that power they may impose sanctions including, where

14 | appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

15 | court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

16 | failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46

17 | F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet,

18 | 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

19 | amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987)

20 | (dismissal for failure to comply with court order).

21 |       In determining whether to dismiss an action, the Court must consider several factors:

22 | (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its

23 | docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

24 | cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

25 | F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

26 |       Here, the action has been pending for nearly two years, and Plaintiff's response or

27 | opposition to Defendant's motion for summary judgment is overdue.  Plaintiff is obligated to

28 | comply with the Local Rules and was informed by Defendant of the need to oppose a motion for

summary judgment.  Despite Plaintiff's duty to comply with all applicable rules and Defendant's notice, Plaintiff did not file a proper opposition or contact the Court in any way.  Plaintiff remained incommunicative after an order from this Court to show cause why this action should not be dismissed.  The Court cannot effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal.  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement."  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's November 30, 2020 order to show cause expressly warned Plaintiff that his failure to comply with the Court's order would result in the dismissal of this matter, with prejudice, for failure to prosecute.  (ECF No. 31, p. 2.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance.  At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

///

1

2

### III.    Conclusion and Order

Accordingly, the Court finds that dismissal is the appropriate sanction and this action is HEREBY DISMISSED, with prejudice, for failure to prosecute and for failure to obey a court order.

IT IS SO ORDERED.

Dated:  __December 30, 2020__                  ___/s/ Barbara A. McAuliffe___
                                         UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28